**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Morales & Mark Morales, wife and husband,<br><br>        Plaintiffs,<br><br>vs.<br><br>Forster & Garbus, LLP,<br><br>        Defendant. | No. CV 2010-1464-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 37.) Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. 41), and Defendant filed a Reply to Response to Motion to Dismiss (Doc. 43).

**I.    FACTS**

Plaintiffs Mark and Cindy Morales owed Bank of America approximately $57, 868.90. (Doc. 35 at 2.) Defendant Forster and Garbus, LLP, acted as counsel for Bank of America to collect Plaintiffs' debt. (*Id.*) Plaintiffs, with the assistance of Persels & Associates, LLC, entered a settlement agreement with Defendant for $22,000.00. (*Id.*)

As outlined in the settlement agreement, Plaintiffs would make the following payments to Defendant: $471.00 due on or before October 28, 2009; $471.00 due on or before November 28, 2009; $1,250.00 due every month thereafter, beginning on December 28, 2009; and final payment of $1, 058.00 due on or before April 28, 2011. (*Id.* at Exhibit A.)

Plaintiffs claim that Persels & Associates paid the initial installment by phone on October 28. (*Id.* at 3.) Plaintiffs claim that Persels & Associates sent an installment check for the second payment on November 16. (*Id.*) On December 3, Defendant returned the second installment check to Persels & Associates because, according to Defendant, Defendant did not receive the first payment until October 30, which was two days after the payment was due. (Doc. 43 at 3.) According to Defendant, Plaintiffs breached the settlement agreement by submitting payment two days after the due date. (*Id.*)

On January 8, 2010, Plaintiffs received notice that their account had been turned over to Gurstel, Staloch & Chargo, P.A. (Doc. 35 at 3.) A month later, Gurstel, Staloch & Chargo filed a complaint seeking the full principle balance of Plaintiffs' account. (*Id.*) Gurstel, Staloch & Chargo then offered a new settlement of $39,578.04, which Persels & Associates accepted on behalf of Plaintiffs. (*Id.* at 3,4.) Persels & Associates sent Gursel, Staloch & Chargo the first payment of $300 but did not send any additional payments. (*Id.* at 4.)

Plaintiffs claim that they did not breach the original settlement with Defendant and that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) because Plaintiffs "failed to allege any action taken by it or its employees which would entitle them to relief under the [FDCPA]." (Doc. 37 at 1.)

**II.    ANALYSIS**

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: 1) lack of a cognizable legal theory or 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiffs' Amended Complaint pleads insufficient facts under the FDCPA. The

1 Amended Complaint does not outline which actions, if any, of Defendant violated the
2 FDCPA. Defendant correctly argues in the Motion to Dismiss that any communications
3 Defendant made exclusively to Plaintiffs' counsel are not subject to the FDCPA. *Guerrero*
4 *v. RJM Acquisitions LLC*, 499 F.3d 926, 939 (9th Cir. 2007). However, Plaintiffs do not
5 make any factual allegations that Defendant made communications in violation of the
6 FDCPA. Plaintiffs also do not make any factual allegations regarding how Defendant's
7 conduct might have violated the FDCPA. Plaintiffs merely assert conclusory statements that
8 Defendant violated the FDCPA. Plaintiffs fail to meet Rule 8's pleading standard, and
9 therefore, the Court grants Defendant's Motion to Dismiss.

10 The Court will give Plaintiffs leave to amend the Amended Complaint because the
11 Court cannot determine that granting leave to amend would be futile. *Thinket Ink Info. Res.,*
12 *Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). However, the Court
13 notes that Plaintiffs have already amended their complaint once. The Court therefore
14 cautions Plaintiffs that it will grant no more *sua sponte* leave to amend and will look with
15 disfavor on any further requests to amend.

16 Accordingly,

17 **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 37) is **GRANTED**.

18 **IT IS FURTHER ORDERED** granting Plaintiffs leave to amend. Plaintiffs must file
19 their Second Amended Complaint within ten (10) days of the date of this Order. If Plaintiffs
20 do not file their Second Amended Complaint within ten days, then the Clerk will dismiss this
21 case without further notice.

22 DATED this 19th day of September, 2011.

James A. Teilborg
United States District Judge