**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Morales & Mark Morales, wife and husband,<br><br>        Plaintiffs,<br><br>vs.<br><br>Forster & Garbus, LLP,<br><br>        Defendant. | No. CV10-1464-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint. (Doc. 47.) Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. 49), and Defendant filed a Reply to Response to Motion to Dismiss (Doc. 52). The Court now rules on the motion.

**I.    FACTS**

Plaintiffs Mark and Cindy Morales owed Bank of America approximately $57, 868.90. (Doc. 45 at 2.) Defendant Forster & Garbus, LLP, acted as counsel for FIA Card Services, N.A. ("FIA"), the credit card issuing arm of Bank of America, to collect Plaintiffs' debt. (Doc. 47 at 3.) Plaintiffs, with the assistance of Persels & Associates, LLC, entered a settlement agreement with Defendant for $22,000.00. (Doc. 45 at 2.)

As outlined in the settlement agreement, Plaintiffs would make the following payments to Defendant: $471.00 due on or before October 28, 2009; $471.00 due on or before November 28, 2009; $1,250.00 due every month thereafter, beginning on December

1  28, 2009; and final payment of $1, 058.00 due on or before April 28, 2011. (*Id.* at Exhibit A.)

Plaintiffs claim that Persels & Associates paid the initial installment by phone on October 28. (*Id.* at 3.) The payment debited from Persels & Associates escrow account on October 30. (*Id.*) Plaintiffs claim that Persels & Associates sent an installment check for the second payment on November 16. (*Id.* at 4.) On December 3, Defendant returned the second installment check to Persels & Associates. (Doc. 45 at 4.) According to Plaintiff, Defendant breached the settlement agreement because Defendant never had authority to bind FIA to the settlement agreement. (*Id.*)

On January 8, 2010, Plaintiffs received notice that their account had been turned over to Gurstel, Staloch & Chargo, P.A. (Doc. 45 at 4.) A month later, Gurstel, Staloch & Chargo filed a complaint seeking the full principle balance of Plaintiffs' account. (*Id.*) Gurstel, Staloch & Chargo then offered a new settlement of $39,578.04, which Persels & Associates accepted on behalf of Plaintiffs. (*Id.* at 5.) Persels & Associates sent Gurstel, Staloch & Chargo the first payment of $300 but did not send any additional payments. (*Id.*)

Plaintiffs claim that Defendant breached the settlement agreement by refusing the second payment and failing to return the first payment and that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Specifically, Defendant violated §1692d by harassing Plaintiff through false belief of settlement when Defendant had no authority to bind FIA, and by not returning the first payment. (*Id.* at 6) Also, Plaintiffs claim that Defendant violated § 1692e by misleading Plaintiffs in the settlement agreement and deceptively keeping the first payment. (*Id.* at 6, 7). Finally, Plaintiffs claim that Defendant violated § 1692f by using unfair or unconscionable means to get Plaintiffs to agree to a settlement and by not returning the first payment. (*Id.* at 7.) Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) because Plaintiffs failed "to state a claim . . . alleging a violation of the [FDCPA] . . . [and] for breach of contract." (Doc. 47 at 1.)

## II. LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: 1) lack of a cognizable legal theory or 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a

sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. ANALYSIS

#### A. FDCPA

Plaintiffs' Second Amended Complaint does not state a claim under the FDCPA. The Second Amended Complaint argues that Defendant's actions in obtaining and offering the settlement agreement, as well as Defendant's failure to return the first payment, violated at least one of §§ 1692d-1692f. The actions alleged to violate the FDCPA are between the Defendant and Persels & Associates, as counsel for Plaintiffs. Defendant correctly argues that any communications Defendant made exclusively to Plaintiffs' counsel are not subject to the FDCPA. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 939 (9th Cir. 2007). Plaintiff fails to state any facts supporting communication directed towards them personally.

The Ninth Circuit Court of Appeals has held that attorneys are "intermediaries able to bear the brunt of overreaching debt collection practices" from which the FDCPA aims to protect debtors. *Id.* at 935. When the attorney is the recipient of the communication, the "FDCPA's purpose of protecting unsophisticated consumers is not implicated." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1032 (9th Cir. 2010).

The debt collection practices that the FDCPA is concerned with are collectors harassing, deceiving, or otherwise abusing debtors. *Guerrero*, 499 F.3d at 935. Congress stated in the FDCPA that the "debt collector may not communicate . . . with any person other than the consumer, his attorney . . ., or the attorney of the debt collector." 15 U.S.C. §

1692c(b) (2009). And Congress defined consumer to include "consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). Congress chose to not include attorney in the definition of consumer. *See Guerrero*, 499 F.3d at 935.

Plaintiffs do not make any allegations that Defendant communicated with anyone other than their counsel. Persels & Associates helped Plaintiffs reach a settlement agreement with FIA, and handled the payments on behalf of the Plaintiffs. Because all negotiations and communications were with Plaintiffs' counsel, not Plaintiffs, Plaintiffs fail to assert a claim that the Defendant violated the FDCPA. The Court therefore grants the Motion to Dismiss Count I.

### B. *Breach of Contract*

Defendant also moves to dismiss Plaintiffs' breach of contract claim. Plaintiffs claim that they fulfilled their contractual obligations to make timely payments, but Defendant breached the settlement agreement by refusing to accept the second payment and by not returning the first payment. In Plaintiffs' Second Amended Complaint, they recognize that the Defendant acted on behalf of FIA, but offer no authority as to why this would bind Defendant in the event of a breach or make Defendant a party to the agreement.

The attorney-client relationship is governed by the law of agency. *Garn v. Garn*, 155 Ariz. 156, 160, 745 P.2d 604, 608 (1987). An agent who signs an agreement on behalf of a fully disclosed principal is not a party to the agreement and is not personally liable if the principal breaches the agreement. *Ferrarell v. Robinson*, 11 Ariz. App. 473, 475, 465 P.2d 610, 612 (1970).

An agent has apparent authority to affect a principal's legal relations with a third party "when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006). The Second Amended Complaint sets forth that Defendant sent a letter acknowledging that the Defendant represented FIA and that the debt would be settled per the terms of the proposed agreement.

Plaintiffs claim that Defendant had no authority from FIA to agree to the settlement and that this makes Defendant a party to the agreement. However, an agent "does not become a party to a contract made on behalf of a disclosed principal." Restatement (Third) of Agency § 6.10 cmt. b.

Plaintiffs point to the settlement agreement in support of a contract between themselves and Defendant. But the letter sent by Defendant states that the agreement is in response to the Plaintiffs' debt with FIA. Also, Plaintiffs Second Amended Complaint claims that Defendant communicated evidence that they represented FIA regarding this debt. Plaintiffs' allegation make clear that they knew Defendant represented FIA, the lender. Because an agent who signs an agreement on behalf of a fully disclosed principal is not liable for breach of the agreement, Plaintiffs' breach of contract claim against Defendant fails as a matter of law. The Court therefore grants the motion to dismiss Count II.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 47) is **GRANTED** in its entirety.

DATED this 11th day of January, 2012.

_____
James A. Teilborg
United States District Judge